4 F.3d 986
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PLYWOOD PANELS, INC., Plaintiff-Appellant,
v.
HYUNDAI MERCHANT MARINE COMPANY, LIMITED, In Personam,
Defendant-Appellee,
and SUN VALLEY, M/V, etc., in rem; Winner, M/V, etc., in
rem; Lt. Argosy, M/V, etc., in rem; Hyundai # 3, M/V, etc.,
in rem; Hyundai # 15, M/V, etc., in rem; BETA, M/V, etc.,
in rem; Glider, M/V, etc., in rem; Mary L, M/V, etc., in
rem; Hyundai # 19, M/V, etc., in rem; Bauci, M/V, etc., in
rem; Worldmarine, M/V, etc., in rem; Conquistador, M/V,
etc., in rem; Freesia, M/V, etc., in rem; China Trident,
M/V, etc., in rem;Patricia VI, M/V, etc., in rem;
Festivity, M/V, etc., in rem; Alinda, M/V, etc., in rem;
Dryso, M/V, etc., in rem; Sea Wagner, M/V, etc., in rem;
Yick Hing, M/V, etc., in rem; World Argus, M/V, etc., in
rem; Ken Sky, M/V, etc., in rem; Rixta Oldendorff, M/V,
etc., in rem; Ratna Vandana, M/V, etc., in rem; Predator,
M/V, etc., in rem; Kiukiang Career, M/V, etc., in rem;
Northgate, M/V, etc., in rem; Samuel Francis, M/V, etc., in
rem;Elounda Day, M/V, etc., in rem; Hawk, M/V, etc., in
rem; Lacerta, M/V, etc., in rem; Wilmaster, M/V, etc., in
rem; Beatanavis, M/V, etc., in rem; Patricia VI, M/V, etc.,
in rem; Hyundai 17, M/V, etc., in rem, Defendants.
PLYWOOD PANELS, INC., Plaintiff-Appellant,
v.
HYUNDAI MERCHANT MARINE COMPANY, LIMITED, In Personam,
Defendant-Appellee,
and SUN VALLEY, M/V, etc., in rem; Winner, M/V, etc., in
rem; Lt. Argosy, M/V, etc., in rem; Hyundai # 3, M/V, etc.,
in rem; Hyundai # 15, M/V, etc., in rem; BETA, M/V, etc.,
in rem; Glider, M/V, etc., in rem; Mary L, M/V, etc., in
rem; Hyundai # 19, M/V, etc., in rem; Bauci, M/V, etc., in
rem; Worldmarine, M/V, etc., in rem; Conquistador, M/V,
etc., in rem; Freesia, M/V, etc., in rem; China Trident,
M/V, etc., in rem;Patricia VI, M/V, etc., in rem;
Festivity, M/V, etc., in rem; Alinda, M/V, etc., in rem;
Dryso, M/V, etc., in rem; Sea Wagner, M/V, etc., in rem;
Yick Hing, M/V, etc., in rem; World Argus, M/V, etc., in
rem; Ken Sky, M/V, etc., in rem; Rixta Oldendorff, M/V,
etc., in rem; Ratna Vandana, M/V, etc., in rem; Predator,
M/V, etc., in rem; Kiukiang Career, M/V, etc., in rem;
Northgate, M/V, etc., in rem; Samuel Francis, M/V, etc., in
rem;Elounda Day, M/V, etc., in rem; Hawk, M/V, etc., in
rem; Lacerta, M/V, etc., in rem; Wilmaster, M/V, etc., in
rem; Beatanavis, M/V, etc., in rem; Patricia VI, M/V, etc.,
in rem; Hyundai 17, M/V, etc., in rem, Defendants.
 Nos. 93-1136, 93-1187.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 13, 1993.
Decided: September 3, 1993.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-91-354-N)
 ARGUED: Guilford D. Ware, Crenshaw, Ware & Martin, Norfolk, Virginia, for Appellant.
 Charles F. Tucker, Sr., Vandeventer, Black, Meredith & Martin, Norfolk, Virginia, for Appellee.
 ON BRIEF: Timothy A. Coyle, Martha M. Poindexter,
 Crenshaw, Ware & Martin, Norfolk, Virginia; Francis A. Courtenay, Jr., Courtenay, Forstall, Gilbault, Hunter & Fontana, New Orleans, Louisiana, for Appellant.
 Carter T. Gunn, Vandeventer, Black, Meredith & Martin, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, HAMILTON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 This appeal arises out of a dispute over the transportation of plywood. Plaintiff, Plywood Panels, Inc. ("PPI"), manufactures plywood in Indonesia for shipment to the United States where PPI then processes the wood. PPI sued Hyundai Merchant Marine Co., Ltd. for damage to fifty-four shipments of plywood Hyundai transported for PPI between 1988 and 1991. The district court found Hyundai liable for the damage to PPI's shipments but limited plaintiff's recovery. PPI appeals this damages determination. Hyundai cross-appeals as well, contending that the district court erred in finding it liable for damage to the plywood. Finding no error in the district court's resolution of these issues, we affirm the judgment of the district court.
 
 I.
 
 2
 PPI has shipped plywood with Hyundai for fourteen years. The plywood sheets are packed in bundles, and each shipment includes a bill of lading stating that the bundles are "in apparent good order and condition unless otherwise stated ... " Hyundai has never marked a bill of lading to reflect damage to the PPI plywood it receives for shipping. The district court found, therefore, that testimony by a marine surveyor regarding damage to the bundles upon arrival sustained PPI's claim against Hyundai for damages occurring during shipping.
 
 
 3
 Hyundai argues on cross-appeal that the district court erred in relying on the bills of lading as evidence that the plywood shipments were undamaged when delivered for shipping. Hyundai contends that a "Lumber Clause" in the bill of lading establishes that the unmarked bills of lading may not be considered an admission by the shipper regarding the state of the goods transported.
 
 
 4
 For the reasons articulated by the district court, Hyundai's contention is not persuasive. Here, it suffices to note that Hyundai's view conflicts with the parties' practice during fourteen years of business dealings, and that its position is inconsistent with the Carriage of Goods by Sea Act, see 46 U.S.C. Secs. 1303(3), (8).
 
 II.
 
 5
 PPI argues on appeal that the proper measure of damages should have been the market value of the damaged plywood, not its replacement cost. The district court found this position to be in conflict with the bill of lading's "Settlement Clause" which states that recovery shall be limited to the "invoice cost plus freight and insurance premium." Furthermore, the district court found that PPI's long experience with shipping plywood should have led it to expect a certain amount of damage in transit and to plan ahead to mitigate that loss through extra acquisition. Therefore, PPI could correctly claim damages accruing from only the replacement of the damaged plywood. We find persuasive the district court's reasoning regarding both the settlement clause and the mitigation issue.
 
 III.
 
 6
 Finally, PPI contends that the district court underestimated the costs incurred from salvaging the damaged plywood. We believe, however, that the court below was within its discretion in assessing the credibility of the testimony offered by PPI to support its damage calculations.
 
 
 7
 The district court resolved this case with well supported findings of fact and in accordance with the relevant law. Its judgment is
 
 
 8
 AFFIRMED.